CRAIG H. MISSAKIAN
United States Attorney
Northern District of California

BRETT A. SHUMATE
Assistant Attorney General
Civil Division
JENNIFER J. KEENEY
Associate Director
JOHN S. HOGAN
Assistant Director
KILEY KANE
Senior Litigation Counsel
Office of Immigration Litigation
Civil Division, Department of Justice
Ben Franklin Station, PO Box 878
Washington DC 20044
DC Bar No. 976240

*Attorneys for the United States of America*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br><br>VIVIAN CHIKE OBICHERE,<br>Defendant. | No. 4:26-cv-7914-AMO<br><br>**JOINT MOTION FOR STAY AND ORDER** |

The United States of America ("Plaintiff") and Vivian Chike Obichere ("Defendant," and with Plaintiff, the "Parties") move this Court to stay this matter until November 4, 2026, and to enter the attached proposed order.

The Parties have been in discussions toward the goal of resolving this matter in its entirety without further involvement of this Court, and the Parties believe that resolution could likely lead to the filing of a joint motion for consent judgment. The Parties have not yet agreed

upon the terms of any consent judgment, and this procedural motion does not constitute an admission, waiver, or agreement to any proposed terms. As the Supreme Court has clarified, courts possess the discretion to stay a case, as part of their inherent authority to manage caseloads. *See Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (recognizing "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases"); *Landis v. North American Co*., 299 U.S. 248, 254–55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Where, as here, the stay could lead to the disposition of the entire action, a stay is especially warranted. *See generally Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864-65 (9th Cir. 1979) (finding a trial court may rule it is an efficient use of resources to stay an action to permit a pending resolution, which may bear on the case, to take its course).

Toward that end, the Parties jointly ask this Court to stay this action and all pending deadlines, effectively relieving Defendant of her obligation to answer or otherwise respond to Plaintiff's complaint by October 5, 2026 (the deadline reflected in ECF No. 9).

Further, the Parties request an order establishing that, as soon as practicable after November 4, 2026, either the Parties will file a joint motion for a consent judgment that would resolve this matter in its entirety, or Defendant will answer or otherwise respond to the complaint.

**CONCLUSION**

Because the Parties believe they can resolve this matter without further judicial involvement, and with Defendant's deadline to answer or otherwise respond to the complaint pending, this Court possesses the discretion to stay this action and all pending deadlines. The Court should exercise that discretion and enter an order vacating Defendant's October 5, 2026 deadline to answer or otherwise respond to Plaintiff's complaint and should set a November 4, 2026 deadline for the Parties to move for a consent judgment or for Defendant to file her answer.

| | |
|---|---|
| Date: September 8, 2026 | Respectfully submitted, |
| | CRAIG H. MISSAKIAN<br>United States Attorney<br>Northern District of California |
| ALIEU M. ISCANDARI, Esq. (lead counsel)<br>CA Bar No. 184307<br>Iscandari & Associates<br>333 Hegenberger Road, Suite 503<br>Oakland, CA 94621<br>(510) 606-9062<br>izcan79@gmail.com | BRETT A. SHUMATE<br>Assistant Attorney General<br>Civil Division<br><br>JENNIFER J. KEENEY<br>Associate Director<br>Office of Immigration Litigation<br><br>JOHN S. HOGAN<br>Assistant Director |
| /s/ Eugene Emeka Maduewesi<br>EUGENE EMEKA MADUEWESI, Esq.<br>CA Bar No. 221181<br>Iscandari & Associates<br>333 Hegenberger Road, Suite 503<br>Oakland, CA 94621<br>(415) 318-6630<br>eugeneemeka@izcanlaw.com | /s/ Kiley Kane<br>KILEY KANE<br>Senior Litigation Counsel<br>Office of Immigration Litigation<br>Civil Division, U.S. Department of Justice<br>P.O. Box 878<br>Washington DC 20044<br>(202) 598-3143<br>Kiley.Kane@usdoj.gov |
| *Counsel for Defendant, Vivian Chike Obichere* | *Counsel for Plaintiff, the United States of America* |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VIVIAN CHIKE OBICHERE<br><br>Defendant. | ) | No. 4:26-cv-7914-AMO<br><br>~~[Proposed]~~ **ORDER GRANTING JOINT MOTION FOR STAY** |

The Court having considered the Parties' joint motion for a stay, and for good cause found, it is hereby ORDERED that this matter is STAYED until November 4, 2026, and that Defendant's October 5, 2026 deadline to answer the complaint is VACATED. As soon as practicable on or after November 4, 2026, the Parties must move for a consent judgment, or Defendant must file her answer or other appropriate motion.

IT IS SO ORDERED:

DATED at Oakland, California, this 11th day of September, 2026.

THE HONORABLE ARACELI MARTÍNEZ-OLGUÍN
United States District Judge